IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Dependency of: | ) | |
| D.T.H. | ) | No. 41188-5-III |
| | ) | (consolidated with |
| ———————————————— | ) | No. 41189-3-III) |
| | ) | |
| In the Matter of the Dependency of: | ) | |
| B.J.H. | ) | UNPUBLISHED OPINION |
| | ) | |

HILL, J.— K.D. appeals the juvenile court's decision in two related dependency cases to apply the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-1963, and the Washington Indian Child Welfare Act (WICWA), chapter 13.38 RCW, to a nonbiological step-grandparent guardian when the children do not qualify as "Indian children."

The children's dependencies have been dismissed, making this appeal moot. Nevertheless, K.D. argues proper application of the ICWA and WICWA is an issue of continuing and substantial public interest that warrants this court's review. Due to the fact-specific nature of this case, we conclude it does not present such an issue and dismiss it as moot.

No. 41188-5-III (consol. with 41189-3-III)
*In re the Dependency of D.T.H.*

## BACKGROUND

The following is an abbreviated recitation of the factual background. K.D. is the mother of B.J.H. and D.T.H. In May 2024, Title 13 RCW guardianship was entered for B.J.H. and D.T.H. in Asotin County. T.H., the biological mother of K.D., and J.H., her husband, were appointed as Title 13 guardians of the children, and the children were placed in their care. J.H. is the children's step-grandfather and is not related to them by blood. T.H. passed away in July 2024, leaving J.H. as the children's only Title 13 guardian.

The Department of Children, Youth, and Families (Department) filed dependency petitions for D.T.H. and B.J.H. on September 17, 2024, alleging the children were "at imminent risk of harm" under J.H.'s care. Clerk's Papers (CP) at 3. As it relates to the children's American Indian status, each petition set forth that there was no reason to know the children are, or may be, American Indian children as defined in RCW 13.38.949 and 25 U.S.C. § 1903(4), and the ICWA and WICWA did not apply to the proceeding. This was due to J.H.'s denial of Native American ancestry and the lack of records confirming mother K.D. and father B.C.H. possessed any Native ancestry.

For the first time in December 2024, J.H. disclosed his Native American ancestry with the Crow Tribe of Montana. Based on J.H.'s testimony, the court found there was reason to know the children were American Indian children "as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), and as interpreted by the Washington Supreme Court

2

in *In re Dependency of Z.J.G.*, 196 Wn.2d 152, 471 P.3d 853 (2020)." CP at 1748

(emphasis omitted). The court ordered that the statutes apply unless and "until it is

determined on the record that the child[ren] do[] not meet the definition of an Indian

child." CP at 1749. The Department provided notice of the dependency proceedings to

17 federally recognized Crow and Sioux tribes in January 2025.

The children's dependency and disposition trial commenced in late January 2025.

The court found that the ICWA and WICWA applied to the proceedings based on J.H.'s

report of Native American ancestry and county records, even though the parents denied

they or the children have Native ancestry. The court placed the children with J.H. By

September 2025, the permanent plan of returning the children home had been achieved

and no further court supervision was necessary. The court dismissed the children's

dependencies.

K.D. appeals.

## ANALYSIS

The parties dispute whether this appeal is moot and, if so, whether it concerns an

issue of continuing and substantial public interest that warrants this court's review.

K.D. argues that the issue of whether the trial court erred in applying the ICWA

and WICWA in the dependency proceeding is not moot, even though the dependency has

been dismissed, because the issue has potential implications for the Asotin County

guardianship. K.D. further argues that, even if this court determines the case is moot, this

3

court should nevertheless address the issue she raises because it constitutes one of continuing and substantial public interest.

The Department argues this court should dismiss K.D.'s appeal as moot because the juvenile court has since dismissed the children's dependencies, so this court cannot offer K.D. effective relief from the dependency and disposition orders. The Department further argues this appeal does not present an issue of continuing and substantial public interest given its fact-specific nature.

An appeal is moot if this court can no longer provide effective relief. *In re Dependency of T.P.*, 12 Wn. App. 2d 538, 544, 458 P.3d 825 (2020); *State v. Hunley*, 175 Wn.2d 901, 906, 287 P.3d 584 (2012). Because the children's dependencies and disposition orders have been dismissed, this appeal is moot. Nevertheless, this court has "the discretion to address an issue that is technically moot if it involves a matter of continuing and substantial public interest." *State v. Linssen*, 131 Wn. App. 292, 295, 126 P.3d 1287 (2006). In determining whether an issue involves a matter of continuing and substantial public interest, this court considers "the public or private nature of the question, the need for an authoritative determination for future guidance to public officers, and the likelihood the question will recur." *Id.*

The issue of whether a trial court erred in applying the ICWA and WICWA in a specific dependency proceeding is not an issue of continuing and substantial public interest. While proper application of the statutes is an issue of public nature, the

4

No. 41188-5-III (consol. with 41189-3-III)
*In re the Dependency of D.T.H.*

Washington State Supreme Court has already addressed application of the ICWA and WICWA when there is uncertainty as to whether a child is an American Indian child, and the court has issued guidance on how to handle such issues. *See In re Dependency of Z.J.G.*, 196 Wn.2d 152, 471 P.3d 853 (2020). Analyzing the facts of this specific case within this framework offers little to no benefit for future cases. We therefore dismiss this appeal without further analysis.

## CONCLUSION

We conclude that this appeal is moot and dismiss.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Murphy, J.

5